Okay, I'd like for the attorneys to step up to the podium. I want you to tell me your names, who you represent, and approximately how long your argument will take. Brian Levitsky on behalf of the people. I anticipate no more than a 15 minute argument. Wait one second. Spell your last name, counsel. L-E-V-I-T-S-K-Y Levitsky. That's correct. Good morning, counsel. Good morning, your honor. Nicholas Curran. Yes. On behalf of the defendant appellant, Henry Ulloa. Spell your last name. C-U-R-R-A-N Okay, how long will your argument take? I anticipate 15 minutes. Very good. You can proceed with your argument. Thank you. May it please the court. Counsel for the state. My name is Nicholas Curran, as I said. I represent the defendant appellant, Mr. Henry Ulloa. Mr. Ulloa, along with four co-defendants, was charged with criminal drug conspiracy. Prior to trial, Mr. Ulloa filed a motion to quash his arrest and suppress evidence based on a lack of probable cause, which the trial court granted. The state appealed that ruling, and on appeal, this court reversed the lower court's decision. After the case was remanded, a jury trial was held, and Mr. Ulloa was convicted and sentenced to 20 years in the Illinois Department of Corrections. This appeal follows from that conviction. The first issue I would like to address today is actually the second issue we raise in our brief, which is that the trial court committed reversible error by instructing the jury that it could convict the defendant based on a theory of accountability. Specifically, the court instructed the jury that to prove criminal drug conspiracy, the state had to prove that the defendant were one for whose conduct he was legally responsible, agreed with his co-defendants to commit the offenses of possession of a controlled substance with intent to deliver, and delivery of a controlled substance. Why is that an accountability language inappropriate in that instruction? Certainly, Your Honor. The accountability or the statute which sets forth the definition of accountability provides an exception that a person cannot be accountable for a crime which is so defined that his or her conduct is inevitably incident to its commission. And what the Supreme Court and appellate courts of this state have held is that this exception applies to offenses that by their definition require the action of two or more persons. So to be guilty of, for example, criminal drug conspiracy, the statute defining the offense requires conduct on the part of more than one party. In other words, any one defendant's agreement to the conspiracy is inevitably incident to its commission. One person cannot commit the offense on their own. So the defendants have to agree. That's the conduct that the conspiracy statute is particularly concerned about, correct? The agreement. That's correct, Your Honor. The agreement is the essence of conspiracy. And within the accountability statute, this exception specifically provides that in situations such as this, the legislature has specifically defined through the statute defining criminal drug conspiracy who can be held criminally liable. And it's any person who enters into the agreement. In order to be guilty of conspiracy, the defendant has to have been principally involved in the agreement, which is the subject or object of the conspiracy. And as we point out in our brief, the committee notes to the accountability pattern jury instruction caution against using the instruction where the statute defining the offense requires that particular conduct be committed by the defendant personally. And that's exactly what we have in this situation. Now, at pages 18 through 19 of their brief, the state argues that the state did not err in issuing this instruction because there was sufficient evidence introduced at trial to show that the defendant was accountable for his co-defendant's possession of a controlled substance with intent to deliver. And I would submit that that argument misses the mark. The defendant here was only charged with criminal drug conspiracy. He was not charged with possession with intent to deliver. He was charged with conspiracy. The state had to prove that he entered into an agreement, not somebody for whose conduct he was legally responsible, possessed a controlled substance with intent to deliver. And I believe that the state implicitly concedes error by spending most of its time in its brief, arguing that this is not error that rises to plain error. This was not an issue that was properly preserved by the defendant's trial attorney. However, jury instructions rise to the level of plain error if the error creates a serious risk that jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial. The state also takes the position that if we look at all of the instructions, that the defendant received a fair trial. They do, Your Honor. And I would submit that really what we're talking about here is the risk of juror confusion. And I don't think there's any question that the jury could have been confused by the instructions that was given. In fact, the prosecutor was confused by the instructions that were given. Because the prosecutor argued that the defendant could be convicted on a theory of accountability. And again, I'm quoting some from the prosecutor's closing argument, but he says, now the defendant keeps a distance from the actual drugs in this case, but the law in Illinois recognizes that what one drug dealer can do, two can do better. He goes on to say it's called accountability, and you're going to get an instruction on it. He continues on, just because he didn't touch the drugs doesn't mean that he's not responsible for them. It's just like the getaway driver in a robbery. He's just as accountable as the people inside the bank. That is a clearly incorrect statement of the law. You cannot be accountable for criminal drug conspiracy. I think that that's straightforward. And I think it's a little bit disingenuous to exhort the jury at trial to invite them to convict based on a theory of accountability and then argue on appeal that there's no risk that the jury did so. Furthermore, under the other prong of the plain error doctrine, the evidence here was closely balanced. And I think it's worth noting again that the lower court had granted a motion to quash and suppress based on almost exactly the same evidence that was introduced at trial. And again, I acknowledge that this court reversed that decision, but I do think it's fair to point that out to gauge the strength of the state's case. This is also a situation where another co-defendant who was more involved in the actual interaction with other co-defendants, a co-defendant by the name of Ephraim Alamo, was actually acquitted at a bench trial based on the exact same evidence. So again, this is not a case where the state, although I know it will argue it's overwhelming, the evidence is overwhelming, because in the view of the state, it's always overwhelming. In this situation, it simply wasn't. There was no direct evidence of an agreement, and certainly this was an error that could have tipped the scales unfavorably in the direction of the state. Counsel? Yes. Excuse me. Is it your position that it is just the facts in this case, that urge of finding that accountability can never be part of a conspiracy to commit an offense instruction? Or is it a general proposition? In other words, here, are you saying that because the defendant was one of the parties supposedly committing the offense by agreement, he couldn't then be held accountable? What if it was his spouse, for instance? Could there be a situation where you can use the accountability portion of that instruction with the conspiracy instruction? Your Honor, no. I don't think that he could be accountable for his spouse's conduct. No, no, no. I mean, let's say his spouse. Could she be accountable for his agreement in a conspiracy? No. I don't believe so, Your Honor. And, again, I don't want to speak to necessarily every statute that sets forth conspiracy, because I don't know them all offhand. But I would think that in any situation where you have a conspiracy alleged, obviously the essence of conspiracy is an agreement, and an agreement requires conduct for more than one person. Another way to conceptualize it is that where the legislature or, excuse me, where an offense is defined in such a way that more than one person's conduct is required, the legislature has defined the scope or the class of people who can be held criminally liable by how the crime is defined in the statute. The second issue I would like to address very briefly is the third issue we raise in our brief, and that was the trial court's abuse of discretion in admitting evidence regarding the defendant's purchase of a heat sealer and a money counter. And, very briefly, the testimony that was elicited from two Chicago police officers was that they observed the defendant purchase these items from a Sam's Club more than 11 months prior to the date of his arrest. We would submit that there was absolutely no probative value to these items. They were not seized in the defendant's hotel room where he was arrested. They were not seized from any location where the defendant or any of his co-defendants had access to. The drugs in this case were not heat sealed. They were wrapped in duct tape and cellophane. There was absolutely no connection whatsoever between this alleged purchase of a heat sealer and money counter. So, essentially, your position is the heat sealer and the money counter were irrelevant? Completely irrelevant. And the state had argued that it was relevant to show the defendant's plan, but it can't be because they're not connected to the offense at all. If there was some evidence that a money counter had been used or that a heat sealer had been used, then perhaps, yes, then it would be comprobative. They didn't find it in the motel room. They didn't find it in the car. They didn't find it in the duffel bag. It's just the observation of a purchase 11 months before the arrest. That's exactly right, Your Honor. And what it did was it painted the defendant with a brush of criminality. Not only did you have the state introduce the fact that these items were purchased, but it also allowed them to introduce evidence from multiple police officers who testified that they were agents in the narcotics division of the Chicago Police Department, that they had the defendant under surveillance for at least 11 months prior to when the conspiracy took place. But, counsel, you would not deny that heat sealers and money counters are used by drug dealers, would you? I would not deny that. Not at all, Your Honor. And the cases that the state cite to make sense, but they actually support our position, because in each of those cases you have a situation where the drug paraphernalia, whether it be a scale, whether it be a heat sealer or something along those lines, is seized at the time the drugs are seized. You have a stack of contraband, a stack of narcotics, and you have a scale next to it, or at least in the same apartment. That's not the situation we have here. We have these two items completely removed in time and space from the charged crime in this situation. And it clearly was just straightforward propensity evidence. That's what it was used for. These are the kinds of things that drug dealers use. Therefore, you can believe that the defendant is a drug dealer, and that's why you can convict him or find that he engaged in this conspiracy in this situation. I suppose that it would be also a purchase of a gun. Eleven months earlier they could have introduced evidence of a gun purchase and then allow the speculation, inference, conjecture that this is a violent criminal drug conspiracy  Certainly, Your Honor. Certainly. I mean, I think if you extend it out, you know, you could include almost anything. Well, not almost anything, but certainly Your Honor gives a good example of to where that could be extended out and include many things that really have no probative value, no connection to the charged crime whatsoever. So unless there are any more questions, I'll... Thank you very much, Mr. Keurer. Thank you. Thank you. Mr. Levitsky, proceed with your argument. Why don't you just address this accountability issue? Right. So the defendant forfeited this issue, as he noted, and when we are dealing with a forfeited jury instruction, it's the defendant's burden to show that there's a serious risk that the jury convicted the defendant incorrectly because they misunderstood the law. Here, as this Court noted, the trial court read more than one instruction. People's Instruction 17, which is based on IPI 17.31, stated, the defendant had to agree. But you don't disagree, counsel, that the judge misstated the law when he gave the instruction regarding criminal drug and conspiracy and included the accountability language. That was an error, was it not? That was perhaps surplusage. Surplusage? He gave it in the instruction, counsel. He did. Is it an IPI instruction? It's People's Instruction 18 where he says the defendant has to agree. I get it, but I'm asking you, was the instruction the court gave the IPI instruction? It was not the IPI instruction. It's non-IPI? It's not. Okay. So he erred when he gave the instruction because the accountability instruction as pointed out by counsel specifically provides that, and let me quote, if the offense is so defined that his conduct was inevitably incident to its commission, which really applies here, then the accountability language should not be given. Is that correct? What we have here is an instruction that — Counsel, I simply ask you if that's correct. Well, the instruction was correct. What we have here is it's a modification from the IPI, but we have a defendant. He's working with Lopez. Lopez is working with Alamo. There's accountability principles involved, but also the defendant entered into an agreement. Let me ask you this question, counsel. What did you charge the defendant with, conspiracy? He was only charged with criminal drug conspiracy. Right. Accountability is not involved in the criminal drug conspiracy charge, is it? No. So if you charge him with criminal drug conspiracy, don't you give him a criminal drug conspiracy instruction? He did have instruction based on IPI 17.31 and 17.32, which were the criminal drug conspiracy instructions. But he amended the 17.32, correct? And included the accountability language, which was an error. Was it not? It's our position that it was an error. Okay. It's your position. Yes. Why not? Because what we had here is a defendant. We don't have — We don't have an agreement by the defendant. We don't have an express agreement. We do have an agreement by the defendant. How is that? It's inferred from all of the circumstances. And we had a defendant who was deeply involved in this conspiracy from the beginning through the end. But the defendant was working with others. And so we have an inferred agreement. We also have an agreement that we could infer between them. And the defendant was accountable for others. But our position was never that the defendant didn't agree at trial. And the instruction based on 17.31, which the jury read, said the defendant had to agree. And 17.32, the challenge instruction, it does include the accountability language. But then it goes on to say the defendant did so with the intent that the offenses be committed, meaning that the defendant agreed. And so there's an agreement that the defendant entered. There's also an agreement that his co-conspirator has entered. And certainly the jury wasn't so misled by — Because, first off, the — I mean, if it was, the evidence was — I'm sorry, it wasn't. Because, again, we're looking at these instructions as a whole. The jury did have the instruction that the defendant had to agree. All the evidence, all the arguments went to the defendant's agreement. Counsel? Yes? I want to just sort of focus on the difference. Because you keep indicating that this is about agreement. But clearly the instruction for conspiracy contemplates one action, that he agrees, and that then somebody, either he or the other party he agreed with, then undertakes an act in furtherance, right? So the key action is agree. Then when you go to the legal accountability, you've got solicits, aids, abets, agrees to aid, or attempts to aid, right? So you have a sort of population of actions that are greater than just agreement. You have so many options. It basically enlarges the possibility of criminal conduct, right? Because now you've included a bunch of other actions that he could have taken that would result in culpability. Isn't that the case? Well, the defendant did agree. Well, you keep saying he did agree. You're saying he did agree because of everything else everybody did, active ones, right? I mean, that's the basis for saying agreement? But the defendant and the other co-conspirators did. But here we have, again, the defendant. We have instruction that the defendant had to agree. My question, though, is do you think that the instruction about the requirement that they find that he agreed is the same as the instruction that he either solicited, abetted, aided, agreed, or attempted to aid in the commission of an offense? Well, the language is different. In fact, would you agree that the language regarding legal accountability doesn't even require an agreement, right? Isn't this what Justices Neville and Pierce have been explaining? There's no requirement for agreement. Accountability could lie on aiding and abetting. But that doesn't mean agreement. You could just see somebody doing something and say, hey, I think I'm going to join in on that. There's no agreement, right? There doesn't have to be an agreement. That is correct. But, again, we have to read all of the instructions together. And the instruction didn't, as the defendant says, lower our burden by suggesting that the defendant had to do something less than agree. All of the evidence, the arguments, were tailored towards the defendant's conduct as a mastermind, as a hub, as the important guy who's holding the money, as was stated in closing arguments. And so the defendant simply can't show that even if there wasn't an error here, that it rose to the level that there's a serious risk that the jury incorrectly convicted him based on a misunderstanding. And there is no one else mentioned who the defendant could be accountable for, other than the co-conspirators with whom he agreed. The people could have perhaps relied on the definition of an implicit agreement to say that the and not have inserted the accountability language. Who inserted the accountability language? It was a people's instruction. And did anybody? There was no objection. It was forfeited. Now, why do you think they did that, your fellow prosecutors? Here we have a conspiracy that looks something like a chain. Right. But, I mean, when I was a prosecutor, one of the first things we learned to do was read the indictment and understand the indictment in relation to our understanding of the facts. Now, you think perhaps that at the conclusion of the trial, at the instruction stage, the trial attorneys realized that perhaps they didn't have evidence of an agreement, whereas if they had just charged straight possession or straight delivery, that under accountability they might have had a better opportunity at a conviction. And, therefore, because they failed to charge straight delivery under an accountability theory, that perhaps we could put in the accountability language into the separate conspiracy charge and try to get them that way. Is that a possibility? I think that the trial ASAs had sufficient evidence, certainly, to prove beyond a reasonable doubt that the defendant entered into the agreement. And so I don't think that they were attempting to show that the defendant was simply accountable for the possession or with intent to deliver or the delivery. I think that the conspiracy charge was correct below, and it was supported by the evidence. And if there are no further questions on that issue. Just proceed, counsel. I'd like to briefly address the other crimes issue. Again, this is also a forfeited issue. The defendant is asking this Court to review a forfeited issue of a motion on Luminae, which was itself subject to an abusive discretion standard. This was a motion that was fully litigated below. There was no error. There was no abusive discretion in this case, because drug paraphernalia are clearly indicative of a defendant's intent to deliver, and defendant's intent is what this case was all about. When you make reference to drug paraphernalia, you're talking about the heat sealer and the money counter? That's correct. How are they connected to the offense in this case? What they show is they make it. No, tell me the specific evidence that you had that connects the heat sealer and the money counter to the facts in this case. Sure. Just as Pierce pointed out, you didn't find it in the hotel room. It was not in the car, correct? That's correct. You didn't find the money counter in any of the hotel rooms or in any of the cars, correct? That's correct. So how is it connected to this case? Those two items. In the hotel room, the defendant said that he was visiting because he's simply a businessman. He had $60,000 related to some business of his. That evidence of the heat sealer and the money counter directly rebut that, because it shows that when he comes into Chicago, it's for some purpose other than the business. But just so we're clear, he purchased that heat sealer and money counter 11 months before he was arrested, correct? That's correct. And the trial court in this case heard the motion in Lemonet. It was relating to evidence that was directly probative of the defendant's intent in this case. It wasn't an abuse of discretion. And if it was, it certainly wasn't plain error. It couldn't have been prejudicial error because, of course, these were legal purchases. If the court has no further questions on that, I would ask the court to affirm the defendant's convictions for these reasons and the reasons stated in our brief. Thank you. Thank you very much, Mr. Levitsky. Mr. Coran, do you have any rebuttal? Very briefly. One thing that I think I should point out is that it is black-letter law that accountability and conspiracy are two different distinct offenses. They're not the same thing. That's people v. McLaughlin, which we cite in our brief, and people v. Skiles, among other cases. And, again, I think in assessing prejudice, it is crucial to look at the prosecutor's closing argument. And I know I read some of it to you previously, but, again, on page LL232 of the record, the prosecutor argued each one of these individuals, Henry Ulloa, Jose Angel Lopez, Efrain Sanchez Alamo, Benino Delgado Flores, and Eduardo Chavez Sanchez, are responsible for each other's conduct. And I would submit that His Honor, Judge Jones, is going to talk to you about responsibility. And I believe that I would submit that he is going to instruct you that a person is legally responsible for the conduct of another when either before or during the commission of the offense with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, vets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense. And it's clearly wrong, and it's reversible error. The other thing as to, again, the heat sealer and the money counter, I would be more sympathetic to the State's position if this were a money counter that was bought perhaps on the same trip or within weeks of when this alleged conspiracy took place or even within a month or two. But here we have two items that were allegedly purchased some 11 months before his arrest. And, again, the evidence of it also just consisted of one officer conducting surveillance in a Sam's Club who testified that he saw the defendant who was with another person purchase these items. It's not even clear that it was the defendant who purchased them. We don't have any receipts. We don't have any other proof that it was the defendant who purchased the items. It's just too tenuous. It's too remote for that evidence to have been admitted.  But you have no evidence to rebut what the officer testified to, correct? Only the defendant's testimony that he did not purchase those items. And we have to assume that he was telling the truth. I would just like to point out to the Court that it's not irrefutable that these items were even purchased by the defendant. But you have no evidence to rebut what the officer testified to, correct? Only the defendant's testimony that he did not purchase those items. As the officer had testified to. So we would be asking that this Court reverse Mr. Uloa's conviction. Thank you very much. Thank you very much, Mr. Burek. I would like to compliment the attorneys for their briefs, for their arguments. This matter will be taken under advisement, and this Court stands in recess.